No. 06-251 T
Honorable Lawrence J. Block

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

WELLS FARGO & COMPANY,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

# ANSWER

The United States, in answer to the complaint, denies each allegation contained therein that is not admitted or otherwise expressly addressed below.

The United States further:

1. Admits that this action is brought under Sections 6532 and 7422 of the Internal Revenue Code seeking to recover federal excise taxes and statutory interest, but states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegation that the taxes were paid to the United States with respect to the quarters ended March 31, 2003 through March 31, 2004.

2. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.

4. Admits the allegation contained in paragraph 4.

5. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 5.

6. Avers that jurisdiction, to the extent it exists in this case, is conferred by 28 U.S.C. § 1491.

7. Avers that "venue" is conferred by 28 U.S.C. § 1491.

8. Admits that plaintiff seeks to recover federal excise taxes, but states that its attorneys currently lack knowledge or information sufficient to form a belief that plaintiff overpaid its taxes.

9. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12. Admits that, on April 29, 2003, the Internal Revenue Service received a claim for refund filed by plaintiff for the quarter ended March 31, 2003. Admits that, on December 15, 2003, the Internal Revenue Service received claims for refund filed by plaintiff for the quarters ended June 30, 2003 and September 30, 2003. Admits that, on June 1, 2004, the Internal Revenue Service received claims for refund filed by plaintiff for the quarters

ended December 31, 2003 and March 31, 2004. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12, but admits that the excise tax under 26 U.S.C. § 4251 does not apply to plaintiff's long distance telephone service to the extent such services are nontaxable under Notice 2006-50 (attached), which was issued by the Department of Treasury and the Internal Revenue Service on May 25, 2006.

13. Admits that more than six months have passed since plaintiff filed its claims for refund for the quarters ended March 31, 2003 through March 31, 2004. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13.

14. Paragraph 14 expresses a legal conclusion to which no response is necessary.

15. Paragraph 15 expresses a legal conclusion to which no response is necessary.

16. Paragraph 16 expresses a legal conclusion to which no response is necessary. To the extent it also is making factual allegations, states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of those allegations.

17. Paragraph 17 expresses a legal conclusion to which no response is necessary.

18. Paragraph 18 expresses a legal conclusion to which no response is necessary.

19. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

20. Paragraph 20 expresses a legal conclusion to which no response is necessary. To the extent it also is making a factual allegation, states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of that allegation.

21. Paragraph 21 expresses a legal conclusion to which no response is necessary.

22. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

23. Paragraph 23 expresses a legal conclusion to which no response is necessary. To the extent it also is making a factual allegation, states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of that allegation.

24. States that its attorneys currently lack knowledge or information sufficient to form a belief that plaintiff overpaid its taxes or that defendant has not refunded any amounts plaintiff has claimed.

25. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25.

WHEREFORE, the United States prays that the Court allow the parties sufficient time to determine the amount, if any, of overpayment of telephone excise taxes due to plaintiff.

Respectfully submitted,

s/Jacob Christensen
JACOB E. CHRISTENSEN
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
Voice: (202) 307-0878
Fax: (202) 514-9440
Email: jacob.e.christensen@usdoj.gov

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

May 30, 2006

s/Steven Frahm
Of Counsel