Part III - Administrative, Procedural, and Miscellaneous

Communications Excise Tax; Toll Telephone Service

Notice 2006-50

SECTION 1. PURPOSE

(a) In general. As further described in this notice, the Internal Revenue Service will follow the holdings of Am. Bankers Ins. Group v. United States, 408 F.3d 1328 (11th Cir. 2005) (ABIG); OfficeMax, Inc. v. United States, 428 F.3d 583 (6th Cir. 2005); Nat'l R.R. Passenger Corp. v. United States, 431 F.3d 374 (D.C. Cir. 2005) (Amtrak); Fortis v. United States, 2006 U.S. App. LEXIS 10749 (2d Cir. Apr. 27, 2006); and Reese Bros. v. United States, 2006 U.S. App. LEXIS 11468 (3d Cir. May 9, 2006). These cases hold that a telephonic communication for which there is a toll charge that varies with elapsed transmission time and not distance (time-only service) is not taxable toll telephone service as defined in § 4252(b)(1) of the Internal Revenue Code. As a result, amounts paid for time-only service are not subject to the tax imposed by § 4251. Accordingly, the government will no longer litigate this issue and Notice 2005-79, 2005-46 I.R.B. 952, which states otherwise, is revoked.

(b) Credits and refunds. Taxpayers may be entitled to request credit or refund of the excise taxes paid for the services covered by this notice. This notice provides guidance regarding these requests. In addition, the Commissioner will authorize the scheduling of an overassessment under § 6407

to keep the period of limitations open for these requests. This overassessment will apply to all taxpayers and to all taxes paid for the services covered by this notice beginning with the tax paid on services that were billed to customers after February 28, 2003.

SECTION 2. BACKGROUND

(a) In general--(1) Tax imposed. Section 4251(a)(1) imposes a tax on amounts paid for communications services.

(2) Payment of tax. Section 4251(a)(2) provides that the tax imposed shall be paid by the person paying for the service (taxpayer). Section 4251(b)(2) provides that the applicable percentage is 3 percent of amounts paid for communications services.

(3) Collection of tax. Section 4291 provides that the tax is collected by the person receiving the payment (collector). In most cases, the collector, which is also responsible for paying over the tax to the government, is the telecommunications company that provides the communications services to the taxpayer.

(b) Definitions--(1) Communications services. Section 4251(b)(1) provides that the term communications services means (A) local telephone service; (B) toll telephone service; and (C) teletypewriter exchange service. This notice does not address teletypewriter exchange service.

(2) Local telephone service. Section 4252(a) provides that local telephone service means (1) the access to a local telephone system, and the privilege of telephonic quality communication with substantially all persons having telephone

or radio telephone stations constituting a part of such local telephone system; and (2) any facility or service provided in connection with such a service. Local telephone service does not include any service that is a toll telephone service as defined in § 4252(b) or a private communications service as defined in § 4252(d). This notice does not address private communications service.

(3) Toll telephone service--(i) Time and distance. Section 4252(b)(1) provides that toll telephone service includes a telephonic quality communication for which there is a toll charge that varies in amount with the distance and elapsed transmission time of each individual communication and for which the charge is paid within the United States.

(ii) Periodic charge for a specified area. Section 4252(b)(2) provides that toll telephone service also includes a service which entitles the subscriber, upon payment of a periodic charge (determined as a flat amount or upon the basis of total elapsed transmission time), to the privilege of an unlimited number of telephonic communications to or from all or a substantial portion of the persons having telephone or radio telephone stations in a specified area which is outside the local telephone system area in which the station provided with this service is located.

(c) Rev. Rul. 79-404. Rev. Rul. 79-404, 1979-2 C.B. 382, concludes that a long distance telephone call for which the charge varies with elapsed transmission time but not with distance is toll telephone service described in § 4252(b)(1).

(d) Notice of proposed rulemaking. In a notice of proposed rulemaking (68 FR 15690; April 1, 2003), the Service proposed an amendment to the Facilities and Services Excise Taxes Regulations to provide that toll telephone service described in section 4252(b)(1) may include a communication service for which the charge does not vary with the distance of each individual communication.

(e) Recent litigation. ABIG, OfficeMax, Amtrak, and Reese Bros. hold time-only service is not toll telephone service as defined in § 4252(b)(1). Further, ABIG, OfficeMax, and Reese Bros. hold that the communications service provided was not a service described in § 4252(b)(2) because the end result was not a "periodic charge" based on total elapsed time but rather a monthly bill based on a summation of toll charges for individual communications. (In Amtrak, toll telephone service described in § 4252(b)(2) would have been exempt from tax under the common carrier exception in § 4253(f).) ABIG, OfficeMax, Amtrak, and Reese Bros. also hold that the communications services provided were not local service, notwithstanding the access the services provided to the local telephone system. (Fortis affirms, in a per curiam opinion, a district court decision reaching the same results.)

(f) Notice 2005-79. Notice 2005-79, 2005-46 I.R.B. 952, states that the Service will continue to assess and collect the tax imposed by § 4251 on all taxable communications services, including those similar to the services in ABIG.

SECTION 3. TERMS DEFINED

The following terms are defined solely for purposes of this notice:

(a) Bundled service. Bundled service is local and long distance service provided under a plan that does not separately state the charge for the local telephone service. Bundled service includes, for example, Voice over Internet Protocol service, prepaid telephone cards, and plans that provide both local and long distance service for either a flat monthly fee or a charge that varies with the elapsed transmission time for which the service is used. Telecommunications companies provide bundled service for both landline and wireless (cellular) service.

(b) Local-only service. Local-only service is local telephone service, as defined in § 4252(a), provided under a plan that does not include long distance telephone service or that separately states the charge for local service on its bill to customers. The term also includes services and facilities provided in connection with service described in the preceding sentence even though these services and facilities may also be used with long distance service. See, for example, Rev. Rul. 72-537, 1972-2 C.B. 574 (telephone amplifier); Rev. Rul. 73-171, 1973-1 C.B. 445 (automatic call distributing equipment); and Rev. Rul. 73-269, 1973-1 C.B. 444 (special telephone).

(c) Long distance service. Long distance service is telephonic quality communication with persons whose telephones are outside the local telephone system of the caller.

(d) Nontaxable service. Nontaxable service means bundled service and long distance service.

SECTION 4. EFFECT OF ABIG, OFFICEMAX, AMTRAK, FORTIS, AND REESE BROS.

(a) Tax treatment of communications service after ABIG, OfficeMax, Amtrak, Fortis, and Reese Bros. The Service will follow ABIG, OfficeMax, Amtrak, Fortis, and Reese Bros. Accordingly, taxpayers are no longer required to pay tax under § 4251 for nontaxable service. In addition, collectors or taxpayers may request a refund of tax paid under § 4251 on nontaxable service that was billed to the taxpayers during the period after February 28, 2003, and before August 1, 2006 (the relevant period).

(b) Tax on local-only service. Collectors should continue to collect and pay over the § 4251 tax on amounts paid for local-only service. As noted in section 3(b) of this notice, local-only service includes amounts paid for facilities or services provided in connection with local telephone service. Thus, for example, tax will continue to be imposed on amounts paid by a taxpayer for renting an amplifier phone provided in connection with local telephone service that is subject to tax.

(c) Effect on collectors. Collectors are directed to cease collecting and paying over tax under § 4251 on nontaxable service that is billed after July 31, 2006, and are not required to report to the IRS any refusal by their customers to pay any tax on nontaxable service that is billed after May 25, 2006. Collectors should not pay over to the IRS any tax on nontaxable service that is billed after July 31, 2006. The form will require collectors to certify that for the third quarter of 2006 that the § 4251 tax reported on the Form 720 does not include any tax on

nontaxable service that was billed after July 31, 2006. Consequently, the IRS will deny all taxpayer requests for refund of tax on nontaxable service that was billed after July 31, 2006. All such requests should be directed to the collector. In addition, collectors may repay to taxpayers the tax on nontaxable service that was billed before August 1, 2006, but are not required to repay such tax. Collectors may also request a refund or make an adjustment to their separate accounts, as appropriate, subject to the provisions of § 6415 and section 5(d)(4) of this notice. Collectors must continue to collect and pay over tax under § 4251 on amounts paid for local only service.

SECTION 5. REQUESTS FOR CREDIT OR REFUND

(a) In general--(1) Request must follow this notice. The Commissioner agrees to credit or refund the amounts paid for nontaxable service if the taxpayer requests the credit or refund in the manner prescribed in this Notice.

(2) Form of request. Taxpayers may request a credit or refund of tax on nontaxable service that was billed after February 28, 2003, and before August 1, 2006, only on their 2006 Federal income tax returns. For this purpose, the 2006 income tax return is the income tax return for calendar year 2006 or for the first taxable year including December 31, 2006. Forms 1040 (series), 1041, 1065, 1120 (series), and 990-T will include a line for requesting the overpayment amount. Persons that are not otherwise required to file a federal income tax return must nevertheless file a return to obtain the credit or refund. Except as provided in section 5(d)(4) of this notice, a request for this credit or refund on any other form (such as a Form 720, 843, or 8849) will not be processed by the

Service. Taxpayers will be permitted to request the safe harbor amount under paragraph (c) of this section only if they have paid all taxes billed by their service provider after February 28, 2003, and before August 1, 2006.

(3) Guidance on the form. The instructions to the respective federal income tax return forms will provide additional guidance. The forms and instructions will require taxpayers to certify that (1) the taxpayer has not received from the collector a credit or refund of the tax paid on nontaxable service billed during the relevant period and (2) the taxpayer will not ask the collector for a credit or refund of that tax and has withdrawn any such request that was previously submitted. The instructions will also require that taxpayers, except for those individuals using the safe harbor amount, retain records that substantiate the request. These records should include bills from the collector that show the amount of tax charged for nontaxable service for each month during the relevant period and receipts, canceled checks, or other evidence that the amount requested was actually paid.

(b) Period of request. The Commissioner will authorize the scheduling of an overassessment under § 6407 to preserve the period of limitations during which taxpayers may request refunds of the tax on nontaxable service that was billed to customers after February 28, 2003, and before August 1, 2006. Therefore, requests may be made for credits or refunds of tax paid for nontaxable service billed after February 28, 2003 and before August 1, 2006.

(c) Amount of the request--(1) Requests by individual taxpayers--(i) Safe harbor amount. Individual taxpayers may request a safe harbor amount. No

documentation will be required to be submitted or kept to support the safe harbor request. However, taxpayers will be permitted to request the safe harbor amount only if they have paid all taxes billed by their service provider after February 28, 2003, and before August 1, 2006; have not received a credit or refund of these taxes from the service provider, and either have not requested such a credit or refund from the service provider or have withdrawn any such request. The amount of this safe harbor is still under consideration and will be announced in later guidance.

(ii) Actual amount. Taxpayers that do not request the safe harbor amount may request a credit or refund of the actual amount of tax they paid.

(d) How to file--(1) Requests by individual taxpayers. Individual taxpayers may request a credit or refund of federal excise taxes paid on nontaxable service only on their 2006 Form 1040, 1040A, or 1040-EZ, Individual Income Tax Return. Individuals who are not otherwise required to file a federal income tax return must nevertheless file Form 1040EZ-T to request the credit or refund. Individual taxpayers, including Schedule C filers, may request either the safe harbor amount or the actual amount of tax paid for nontaxable service.

(2) Requests by taxpayers other than individual taxpayers. Taxpayers other than individual taxpayers (entities) may request only the actual amount of tax paid on nontaxable service billed during the relevant period. No safe harbor amount is allowed for entities.

(3) Requests by entities--(i) In general. Entities may request a credit or refund of federal excise taxes paid on nontaxable service only on their 2006

income tax returns. Any part of the credit or refund attributable to tax payments that were deducted as an ordinary and necessary business expense (including in the determination of unrelated business taxable income) must be included in income for the taxable year in which the refund is received or accrued to the extent that the tax payments reduced the amount of federal income tax (or unrelated business income tax) imposed.

(ii) Partnerships. A partnership, as defined in § 7701(a)(2), may request a credit or refund of federal excise taxes paid on nontaxable service only on its 2006 Form 1065, U.S. Return of Partnership Income. Any amount of the credit or refund included in partnership income and any interest on the credit or refund must be reported on the partnership's return for the taxable year in which received or accrued and must be allocated to its partners on the Schedule K-1, Partner's Share of Income, Credits, Deductions, etc., for that taxable year.

(iii) S Corporations. An S Corporation, as defined in § 1361, may request a credit or refund of federal excise taxes paid on nontaxable service only on its 2006 Form 1120S, U.S. Income Tax Return for an S Corporation. Any amount of the credit or refund included in S Corporation income and any interest on the credit or refund must be reported on the S Corporation's return for the taxable year in which received or accrued and must be allocated to its shareholders on the Schedule K-1, Shareholder's Share of Income, Credits, Deductions, etc., for that taxable year.

(iv) Estates and trusts. An estate or a trust, as defined in § 301.7701-4(a) of the Procedure and Administration Regulations, may request a credit or refund

of federal excise taxes paid on nontaxable service only on its 2006 Form 1041, U.S. Income Tax Return for Estates and Trusts. Any amount of the credit or refund included in the estate's or trust's income and any interest on the credit or refund must be reported on the estate's or trust's Form 1041, U.S. Income Tax Return for Estates and Trusts, for the taxable year in which received or accrued. However, for a trust that is treated as owned by the grantor or other person under subpart E (§ 671 and following), part I, subchapter J, chapter 1 of the Internal Revenue Code (grantor trust), the owner of the trust may request a credit or refund of federal excise taxes treated as paid by the owner for nontaxable service only on its applicable 2006 federal tax return.

(v) Tax exempt organizations. An organization that is described in § 501(a) may request a credit or refund of federal excise taxes paid on nontaxable service only on its 2006 Form 990-T, Exempt Organization Business Income Tax Return. Tax exempt organizations that are not otherwise required to file a federal income tax return must nevertheless file Form 990-T to request the credit or refund. Any amount of the credit or refund included in the organization's unrelated business taxable income must be reported on the organization's Form 990-T, Exempt Organization Business Income Tax Return, for the taxable year in which received or accrued. An organization that is subject to tax on its interest income must also report any interest on the credit or refund on its Form 990-T, Exempt Organization Business Income Tax Return, for the taxable year in which received or accrued.

(vi) Corporations. A corporation, as defined in § 7701(a)(3), that is not described in section 5(d)(3)(iii) of this notice may request a credit or refund of federal excise taxes paid on nontaxable service only on its 2006 Form 1120 (series) income tax return (generally, Form 1120, U.S. Corporation Income Tax Return). Any amount of the credit or refund included in the corporation's income and any interest on the credit or refund must be reported on the corporation's income tax return for the taxable year in which received or accrued. Corporations that are not otherwise required to file a federal income tax return must nevertheless file Form 1120 (series) to request the credit or refund

(vii) Other nonfiling entities. Entities that are not otherwise required to file a federal income tax return must file Form 990-T to request the credit or refund.

(4) Requests and adjustments by collectors--(i) Section 6415 conditions to allowance. The conditions to allowance described in § 6415 apply to all requests and adjustments by collectors, as defined by section 2(a)(3) of this notice. Thus, a request by a collector is allowed only if the person that paid over the tax establishes that it has repaid the amount of the tax to the person from whom the tax was collected, or obtains the written consent of such person to the allowance of the credit or refund.

(ii) Requests for regular method collectors--(A) In general. A person that collected the tax imposed by § 4251 on nontaxable service and paid it over to the government based on amounts actually collected under § 40.6302(c)-1(a)(2)(i) of the Excise Tax Procedural Regulations (regular method collectors) may request a credit or refund.

(B) Form of the request. Regular method collectors may use Form 720X, Amended Quarterly Federal Excise Tax Return, line 1, IRS No. 22, for credit or refund of amounts collected and repaid to taxpayers.

(iii) Account adjustments for alternative method collectors. A person that collected the tax imposed by § 4251 on nontaxable service and paid it over to the government based on amounts considered as collected under § 40.6302(c)-1(a)(2)(ii) (alternative method collectors) may adjust the separate account for the amount of an overpayment. The required adjustment to the separate account is described in § 40.6302(c)-3(b)(2)(ii)(C). The adjustment is reflected on Form 720, Schedule A, line 2, but may not reduce tax liability on Form 720 below zero.

(e) Interest on the credit or refund included in income. If a taxpayer requests a credit or refund of the actual amount of tax paid, interest on the credit or refund of the tax paid for nontaxable service must be included as income on the taxpayer's income tax return for the taxable year in which the interest is received or accrued. Thus, individuals are generally required to report the interest on their 2007 income tax returns.

(f) Estimated tax effects. Although the credit or refund allowed to a taxpayer under this notice will be requested on the taxpayer's income tax return, it is not a credit against tax for purposes of §§ 6654 and 6655. Accordingly, the taxpayer may not take the credit or refund into account in determining the amount of the required installments of estimated tax for 2006. In determining the amount of the required installments of estimated tax for 2007, the income

attributable to the credit or refund is taken into account on the date the income is paid or credited in the case of a cash method taxpayer and on the date the return making the request is filed in the case of an accrual method taxpayer.

(g) Requests that do not follow the provisions of this notice. Requests that do not follow the provisions of this notice (whether filed before or after its publication)--

(1) Will not be processed to the extent they relate to the tax paid on nontaxable service that was billed after February 28, 2003; and

(2) Will be processed normally to the extent they relate to the tax paid on nontaxable service that was billed before March 1, 2003.

## SECTION 6. EFFECT ON OTHER DOCUMENTS

Notice 2005-79, 2005-46 I.R.B. 952, is revoked. Rev. Rul. 79-404, 1979-2 C.B. 382, will be revoked in a later revenue ruling.

## SECTION 7. DRAFTING INFORMATION

The principal author of this notice is Taylor Cortright of the Office of the Associate Chief Counsel (Passthroughs and Special Industries). For further information regarding this notice, contact (202) 622-3130 (not a toll-free call).